IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) NO. 18 B 29174 |
| | ) |
| MANETTE M. WETE, | ) Chapter 7 |
| | ) |
| DEBTOR. | ) Honorable Donald R. Cassling |

## NOTICE OF MOTION

TO:  Laura A. Hrisko    ND-Two@il.cslegal.com
Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
Gus A Paloian    gpaloian@seyfarth.com,
gpaloian@iq7technology.com;jmcmanus@seyfarth.com
David M Siegel    davidsiegelbk@gmail.com,
author@proofofpayments.com;R41057@notify.bestcase.com;johnellmannlaw@gmail.com

Manette M. Wete
1111 North Dearborn Street
Apt. 501
Chicago, IL 60610

PLEASE TAKE NOTICE that on November 6, 2018 at 9:30 a.m., we shall appear before the Honorable Bankruptcy Judge Donald R. Cassling, or any other Judge sitting in that Judge's stead, in the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604, courtroom 619, or any other room in which he may be presiding, and then and there seek the entry of a Motion for Relief from the Automatic Stay.

SANFORD KAHN, LLP

/s/ Robert A. Kahn
One of its Attorneys

SANFORD KAHN, LLP
Attorney for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
rob@sanfordkahnllp.com

## CERTIFICATION OF VERIFICATION

I, Robert Kahn, the undersigned attorney, certify that I served this Notice of Motion, together with the attached Motion, by e-mailing a copy to the above-named parties via the U.S. Bankruptcy website on October 30, 2018 and by mailing a copy to the Debtor on that same date.

/s/ Robert A. Kahn
Robert A. Kahn

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) NO. 18 B 29174 |
| | ) |
| MANETTE M. WETE, | ) Chapter 7 |
| | ) |
| DEBTOR. | ) Honorable Donald R. Cassling |

### MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Now comes movant, Planned Property Management, Inc., As Agent, by its attorneys, Sanford Kahn, LLP, and moves this Court for Relief from the Automatic Stay in this matter and for such other relief, and in support thereof states as follows:

1. That the debtor has filed her Petition under Chapter 7 of the U.S. Bankruptcy Code on October 17, 2018.

2. That the debtor is a tenant of movant/landlord at 1111 North Dearborn Street, Apartment 501, Chicago, Illinois 60610, and is in arrears in pre-petition rents to movant in the amount of $3,705.62 representing rents through October, 2018.

3. Debtor's monthly rent is $1,725.00.

4. That on October 11, 2018 movant served the attached 5 days' notice for non-payment of rent upon said debtor. A true and correct copy of the Notice of Termination is attached hereto as Exhibit "A".

5. Upon debtor's failure to pay such rent, the debtor's tenancy was terminated on October 16, 2018 and on October 18, 2018, movant filed a case in eviction court seeking possession of the subject premises, as well as a money judgment, in case no. 18 M1 716929.

6. On October 24, 2018, movant learned that the Debtor had filed this bankruptcy action.

7. There is no issue that Illinois law determines whether debtor's lease expired or was terminated before the bankruptcy. Matter of Williams, 144 F.3d 544 (7th Cir. 1998); In re

Finkley, 203 B.R. 95 (Bankr. N.D. Ill. 1996). See Mars-Winn Co., Inc. v. Giberson Elec., Inc., 103 F.3d 584 (7th Cir. 1996) (federal courts look to state law to determine debtor's property interest). As the United States Supreme Court has stated:

> Neither this Court nor any other federal tribunal has any authority to place a construction on a state statute different from the one rendered by the highest court of the state. (Citations omitted.) This proposition, fundamental to our system of federation, is applied to procedural as well as substantive rules. Johnson v. Fankell, 520 U.S. 911, 117 S.Ct. 1800, 1804, 138 L.Ed.2d 108, 115 (1997).

Thus the interpretation of the relevant Illinois statutes governing termination of tenancies by the Illinois Supreme Court is binding on federal courts, and this Court cannot employ federal law or non-Illinois law to determine whether the debtor's lease was terminated under Illinois law prior to the filing of her bankruptcy petition.

8. Further, in Chadwick v. Parker, 44 Ill. 326 (1867), the Illinois Supreme Court had the earliest occasion to consider the effect of the tenant's failure to comply with a landlord's statutory five-day (then ten-day) notice. In Chadwick, the tenant failed to pay rent and the landlord served a 10-days' notice. The tenant failed to pay the rent due within the 10 days and the landlord filed his action in forcible detainer for possession. Following a jury verdict for possession in favor of the landlord, the tenant appealed to the Supreme Court. After discussing the recently enacted forcible entry and detainer statute, the Court noted that the rent default in itself did not effect a termination of the lease, but rather the legislature intended that the tenant could avoid a forfeiture for such default by paying the rent within the 10-day period, and held that upon the tenant's failure to cure the rent default within the 10-day period, his lease became forfeited, therefore affirming the jury verdict in favor of the landlord for possession:

> In this case more than ten days elapsed after the notice was given, and the suit was brought, and the appellant should, to prevent a forfeiture, have tendered the rent in arrear before the expiration of ten days from the time the notice was served. We have seen that the statute gave him this right; but, failing to pay, his lease became forfeited, and appellee had a right to maintain his action.
> 44 Ill. at 336.

9. In this case, because cause debtor's lease had been terminated under Illinois law prior to the filing of the bankruptcy petition, debtor cannot cure the default and assume the lease in bankruptcy. The majority of courts considering this question have so ruled. For example, in In re Maxwell, 40 B.R. 231 (N.D. Ill. 1984), this Court held:

> It has been conclusively established that a bankruptcy court cannot resurrect a lease that has been terminated prior to the filing of bankruptcy. (Citations omitted). Leases terminated before bankruptcy are simply not assumable by the trustee.
> 40 B.R. at 236.

10. The debtor is still in possession of movant's premises and currently is in arrears in the total sum of $3,705.62 through October, 2018 and use and occupancy charges are continuing to accrue, all to the prejudice of movant.

11. That to restrain movant from dispossessing the debtor from the premises following the pre-petition termination of the debtor's tenancy and the filing of an action in state court is not proper under Section 362(d) of the Bankruptcy Code, and the stay should be vacated to allow movant to proceed with eviction proceedings against Debtor with said Order to be effective immediately.

WHEREFORE, movant prays for the following relief:

A. That this Court grant movant relief from the automatic stay so as to allow movant to proceed with eviction proceedings against the debtor.

B. That the stay provisions of Rule 4001 (a) (3) of the Federal Rules of Bankruptcy Procedure be waived so as to allow the Order to be effective immediately.

C. For such other relief as the Court deems just.

Planned Property Management, Inc., As Agent

By: /s/ Robert A. Kahn
One of its Attorneys

SANFORD KAHN, LLP
Attorneys for Movant
180 North LaSalle Street
Suite 2025
Chicago, Illinois 60601
(312) 263-6778
rob@sanfordkahnllp.com